154 So. 6

INGRAOS & CO., Inc., et al. v. EASTMAN.

No. 32070.

March 26, 1934.

Lewis R. Graham and H. R. Cabral, both of New Orleans, for appellants.

Lemle, Moreno & Lemle, of New Orleans, for appellee.

LAND, Justice.

At a meeting of the stockholders of Ingraos & Co., a resolution was adopted dissolving the corporation, and ordering the liquidation of its affairs, and appointing defendant, George P. Eastman, liquidator.

In the present suit, Joseph Ingraos alleges that Eastman, the liquidator, is indebted to the corporation in a sum in excess of $3,000, and that plaintiff, as stockholder, is entitled to judgment for himself and the corporation against Eastman for the amount alleged to be due.

Plaintiff also asked for the sequestration of the books of the corporation, which had been placed in the lawful custody and under the control of the defendant, as liquidator.

The writ of sequestration was dissolved, with attorney's fees in the sum of $100, and plaintiff's suit was dismissed, under the defense made in the answer of the liquidator, that plaintiff was not a stockholder and was without right to bring the present suit.

From both of these judgments plaintiffs have appealed.

1. The sole issue in the case is one of fact, and that is whether plaintiff was a stockholder of Ingraos & Co., Inc.

Plaintiff was formerly a stockholder in a corporation known as Barrios & Ingraos, Inc., which conducted a brokerage business in the city of New Orleans. This corporation was dissolved, and the corporation known as Ingraos & Co., Inc., was then formed, by act passed before Louis Lemle, notary public, with capital stock fixed at $5,000.

Defendant paid for 26 shares of this stock, at $100 per share, and plaintiff subscribed for 24 shares, at $100 per share.

■ Plaintiff did not pay one cent in cash for this stock. In fact, the stock certificate for the 24 shares for which he subscribed has always remained in the custody of the corporation, has never been filled out, and has never been delivered to him.

Demand was made upon plaintiff for the payment of his stock subscription. He refused to comply with the demand, and his failure to pay for it in cash forfeited any rights he had under the subscription.

But plaintiff contends that he paid for the stock with the good will of the business he had theretofore conducted, first by himself in the rice business, and then through the corporation known as Barrios & Ingraos, Inc.

Plaintiff claims that the good will had been appraised by the board of directors of Ingraos & Co. and that, at a meeting of the board, the corporation had voted to accept the good will as payment for the stock subscription.

The record fails to show that there was ever a meeting of the board of directors at which the good will, which plaintiff says he put in, had been appraised, or that there was ever a meeting of the board of directors at which plaintiff's good will had been accepted in payment of the stock for which he had subscribed.

■ Besides, plaintiff was a mere stockholder in Barrios & Ingraos, Inc., and whatever good will that concern had as an asset did not belong to plaintiff, individually, to be bartered by him for his stock subscription in Ingraos & Co., which operated about a year, prior to its voluntary dissolution.

■ Plaintiff testified that there was an agreement between him and the defendant, signed in the presence of Louis Lemle, the notary who organized the corporation, providing that, in consideration of plaintiff's giving to the corporation his good will which he had established in the rice business, he would be given 24 shares of stock of Ingraos & Co., Inc.

The notary denied positively that there had been any such agreement, or that such an agreement had ever been discussed in his presence, and stated further that they had hoped that the company would be successful, so that plaintiff could pay for his stock.

Defendant also denied that he had agreed to give plaintiff 24 shares of stock of Ingraos & Co., Inc., in exchange for the good will he brought to the company prior to the time of the incorporation.

Our conclusion is that the evidence shows that plaintiff was not a stockholder, and that the judgments appealed from are correct.

Judgments affirmed.

ST. PAUL, J., absent.